Case 4:21-cv-04180   Document 94   Filed on 07/14/23 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
July 14, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NEIMAN NIX, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-21-4180 |
| | § | |
| MAJOR LEAGUE BASEBALL, OFFICE OF THE COMMISSIONER OF BASEBALL, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

## ORDER AWARDING FEES AND COSTS

Neiman Nix has litigated long, hard, and frivolously. So found this court, the United States Court of Appeals for the Fifth Circuit, and courts around the country. (Docket Entry No. 75), *aff'd*, *Nix v. Major League Baseball*, 62 F.4th 920, 937 (5th Cir. 2023) (noting Nix's "lengthy history of frivolous lawsuits and resulting sanctions, harassing conduct during the course of the instant lawsuit, harassing conduct targeting certain defendants before filing the instant lawsuit, the undue burden of his suit on the judicial system, and the inadequate deterrent effect of monetary sanctions imposed on Nix by courts outside this circuit"); *see also DNA Sports Performance Lab, Inc. v. Major League Baseball*, No. C 20-00546 WHA, 2022 WL 1092493, at *3 (N.D. Cal. Apr. 12, 2022) (listing cases). Nix's crusade, waged against not only Major League Baseball but also against 45 professional baseball teams, challenges the organizations' decision not to permit their players to use a nutritional supplement that Nix attempted to sell. Nix has consistently lost in every court that has considered his claims. But his defeats have come at significant cost to the many teams he has sued, requiring them to hire lawyers, respond to Nix's suits, motions, and discovery efforts, and ultimately expose him as a bad-faith litigant. The defendant baseball teams have applied for an award of attorneys' fees and a sanction of double the costs of court they

incurred. (Docket Entry No. 85). The teams have amply shown that they deserve the relief they seek.

## I.     Nix's Objections to the Defendants' Requested Award

The Fifth Circuit awarded the teams fees and double the costs they incurred. *Nix*, 62 F.4th at 937–38. Nix, betraying an ignorance of the binding effect of a superior court's ruling, asks this court to deny the teams this recovery. Even if this court could exercise its discretion to deny this award, the award would stand because it is wholly justified.

The dispute over fees is more significant. The teams' counsel submitted detailed records of the hours they spent on the appeal and their hourly rates. (Docket Entry Nos. 85-1–10). Nix's objections are, at a minimum, as frivolous as the arguments and claims that led to the fee award order in the first place. Each is briefly addressed below.

### 1. Attacks on the lawyers' affidavits as false.

Kobre & Kim represented all the MLB defendants in the appeal. Nix accuses Kobre & Kim of seeking fees incurred on behalf of MLB clubs it did not represent; accuses Kobre & Kim of falsifying or altering affidavits from other counsel; accuses Kobre & Kim and Yetter Coleman of (unidentified) duplicative work; and accuses the MLB defendants of ignoring a sanctions order against them that was withdrawn.

The court finds these objections meritless. Kobre & Kim represented the MLB Defendants throughout the appeal and there is no basis to find that the Riviere-Badell Declaration, (Docket Entry No. 85-1), contains fraudulent information. The parties' dispute in the Florida state-court proceeding has no bearing on the fees requested here. Finally, the fact that one attorney seeks fees for "similar work products" as another attorney does not mean the work performed was duplicative, and Nix has presented no basis for the court to find that the work was duplicative.

### 2. Attacks on the HVL, LLC Fee Request

Nix complains that one of the lawyers included in HLV, LLC's fee request had left that firm and joined another firm, promptly disclosing this to the court and parties. Nix challenges the detail supporting the HVL, LLC fee request as inadequate; it is not. Again, Nix's objection is meritless.

### 3. Attacks on the NSF International Fee Request

Nix also objects to the fee request by NSF International. A review of the amount and the work performed shows neither duplicative work nor excessive hourly rates. Nix also objects to about the redactions on the fee request, but they were appropriate to protect privilege. His objection is overruled.

### 4. Attacks on LGC Science, Inc., Fee Requests

Nix's objections to the Spitaletto Declaration, (Docket Entry No. 85-8), are also meritless. Nix fails to persuade the court that the 51 hours spent by the law firm was excessive or concerned other matters.

### 5. Attacks on NFI Consumer Products Fee Requests

Nix's objections to the Nelson Declaration, (Docket Entry No. 85-5), are simply a meritless attempt to relitigate the issues in this case. They are overruled.

### 6. Attacks on the MLBPA and Britton Fee Requests

Nix incorrectly argues that attorney Jeffrey Demain's work cannot be compensated because he was not an "attorney of record." The record shows that Mr. Demain was lawyer in good standing licensed by the State Bar of California. He need not have also been a formal "attorney of record."

Nix also complains that the time records do not show communications with a defendant separately sued in the case, Zackary Britton. MLBPA's and Britton's response is that the

communications were not listed because no compensation was sought for them. Nix's complaint is meritless.

Nix attempts to relitigate the merits of his suit as an objection to the fee request. The court declines any invitation to reconsider its previous rulings, which were affirmed by the Fifth Circuit.

**7. Equitable Considerations**

Nix's complaints about the fee request are without merit. Nor does he lodge a meritorious argument to deny all or part of the fees on the basis of his alleged inability to pay. The Fifth Circuit has tasked this court to determine the "amount of the monetary sanctions, which comprise the attorneys' fees and double costs incurred in this appeal." *Nix*, 62 F.4th at 938. The record, replete with evidence of a bad faith litigation and appeal, does not justify a reduction in fees based on equitable considerations. As other judges presiding over Nix's lawsuits have found, Nix's litigation conduct is inconsistent with his proffered inability to pay, and if he is without funds to pay the sanctions and fee orders, it is a problem entirely of Nix's own making.

**II. Order**

The court grants the defendants' application for attorneys' fees and double costs. (Docket Entry No. 85). Nix is liable to pay the defendants' fees and costs in the total amount of **$175,903.16**, reflecting $175,340.00 in attorneys' fees and $563.16 in double costs.

SIGNED on July 14, 2023, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge